UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NAKKIA BURNS | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 14 C 3822 |
| v. | ) |
| | ) Magistrate Judge Susan E. Cox |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Nakkia L. Burns ("Plaintiff") appeals the Commissioner of Social Security's decision to deny her Supplemental Security Income benefits under Title II of the Social Security Act and Supplemental Security Income under Title XVI of the Social Security Act. We grant Plaintiff's motion for summary judgment [dkt. 14] and deny the Commissioner's motion for summary judgment [dkt. 21]. The Administrative Law Judge's decision is reversed and remanded.

## STATEMENT

Plaintiff appeals the Commissioner of Social Security's decision to deny her Social Security disability benefits under Title II of the Social Security Act ("SSA") and Supplemental Security Income ("SSI") under Title XVI of the SSA. Plaintiff filed a motion for summary judgment [dkt. 14] seeking reversal of the decision of the Administrative Law Judge ("ALJ"). A motion for summary judgment has been filed on behalf of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"). For the reasons outlined below, we grant Plaintiff's motion and deny the Commissioner's motion [dkt. 21]. The ALJ's decision is reversed and remanded for further proceedings consistent with this opinion.

1

On January 24, 2011, Plaintiff filed an application for disability benefits alleging that she has been disabled since July 18, 2009, due to pain in her shoulder and legs, as well as depression and anxiety, most of which caused by an incident in which she was shot in the right upper chest and shoulder.[1] Additionally, Plaintiff suffers from extreme obesity.[2] The Social Security Agency denied Plaintiff's claims initially and denied them again upon reconsideration.[3] Plaintiff filed a request for a hearing before an ALJ on October 2, 2011.[4] The request was granted, and ALJ Sherry D. Thompson held a hearing on November 21, 2012.[5]

Following the hearing, the ALJ determined, *inter alia*, that: 1) the Plaintiff meets the insured status requirements of the Social Security Act through June 19, 2015;[6] 2) the Plaintiff has not engaged in substantial gainful activity since July 18, 2009;[7] 3) the Plaintiff suffered from the severe impairments of depression, general anxiety, anthralgias, and status post gunshot wounds;[8] 4) the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments as defined in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926);[9] 5) the Plaintiff has the Residual Functional Capacity ("RFC") necessary to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with additional stipulations including that she can only occasional perform any postural movements, or reach in any direction with her right shoulder;[10] 6) given the Plaintiff's RFC the ALJ believes that the Plaintiff is not capable of performing previous work, however it was determined that there are

---

[1] R. at 25-26.
[2] Pl.'s Mot., 14.
[3] R. at 20.
[4] R. at 84.
[5] R. at 38.
[6] R. at 22.
[7] Id.
[8] Id.
[9] Id.
[10] R. at 24.

jobs in significant number that the Plaintiff can perform including sorter, assembler, or bench packager.[11]

To support these determinations, the ALJ ascribed significant weight to the findings of two State agency psychiatric consultants which noted that the Plaintiff's mental impairments resulted in moderate limitations in activities of daily living, social functioning, concentration, persistence, or pace, and no episodes of decompensation.[12] The ALJ gave little weight to the opinion of treating psychiatrist, Dr. Chou, which indicated that the Plaintiff had slight limitations in activities of daily living, but marked difficulties in social functioning, frequent difficulties in concentration, persistence, or pace, and continual episodes of decompensation.[13] The ALJ also determined that the Plaintiff's statements and testimony indicate that she possesses the adaptability to maintain daily activities, specifically drawing notice to Plaintiff's testimony that she had done some work since her onset date, and that she recently performed office work for her sister.[14] Additionally, the ALJ notes, among other things, that Plaintiff is able to function adequately enough outside of her home, interact with the public on the occasional basis, and could sustain focus for 95 percent of the workday.[15]

## DISCUSSION

### I. STANDARD OF REVIEW

The ALJ's decision must be upheld if it follows the administrative procedure for determining whether the plaintiff is disabled as set forth in the Act,[16] if it is supported by substantial evidence, and if it is free of legal error.[17] Substantial evidence is "relevant evidence

---

[11] R. at 29-30.
[12] R. at 23.
[13] Id.
[14] R. at 23-24.
[15] Id.
[16] 20 C.F.R. §§ 404.1520(a) and 416.920(a).
[17] 42 U.S.C. § 405(g).

that a reasonable mind might accept as adequate to support a conclusion."[18] Although we review the ALJ's decision deferentially, she must nevertheless build a "logical bridge" between the evidence and her conclusion.[19] A "minimal[] articulat[ion] of her justification" is enough.[20]

## II. The ALJ Erred in Giving Little Weight to Dr. Chou's Opinion

The Plaintiff first claims that the ALJ erred in assigning little weight to Dr. Chou's, opinion that Ms. Burns lacked the ability to work in coordination with, or in proximity to, others without distraction, and could not perform at a consistent pace without an unreasonable length and number of rest periods.[21] The ALJ gave little weight to the treating physician's opinion because Dr. Chou had only treated Ms. Burns on three separate occasions prior to issuing an opinion and cited few objective findings as support for her opinion.[22]

The "treating physician" rule requires that an ALJ give controlling weight to the medical opinion of a treating physician if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence.[23] When, as here, an ALJ does not give a treating physician's opinion controlling weight, she must consider five factors: (1) the "[l]ength of the treatment relationship and the frequency of examination;" (2) the "[n]ature and extent of the treatment relationship;" (3) "[s]upportability;" (4) consistency "with the record as a whole;" and (5) whether the treating physician was a specialist in the relevant area.[24] In this case, the ALJ spoke to (1) the "length of the treatment relationship and the frequency of examination" as well as (3) the "supportability" of the opinion, noting that there were only three occasions where Dr. Chou treated Ms. Burns, and that there

---

[18] *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).
[19] *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014).
[20] *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008).
[21] R. at 359.
[22] R. at 27.
[23] 20 C.F.R. § 404.1527(d)(2); *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013).
[24] 20 C.F.R. § 404.1527(d)(2)-(d)(6); *Harris v. Astrue*, 646 F. Supp. 2d 979, 999 (N.D. Ill. 2009).

were few objective findings cited by Dr. Chou in support of his opinion.[25] In terms of (4) "consistency with the record as a whole," the ALJ did give "some weight" to the portion of Dr. Chou's opinion that was consistent with the record as a whole.[26] The ALJ did not, however, speak to (5) whether the treating physician is a specialist in a particular area, nor (2) the nature of the relationship. While the ALJ's decision to give minimal weight to Dr. Chou's opinion was not entirely unfounded, the process she used to arrive at that decision was deficient due to the incomplete consideration of all the factors. Though the commissioner argues that "there is no requirement that the analysis contain a line by line analysis"[27] and that so long as the ALJ "minimally articulate[d]"[28] his reasons a decision may stand, the analysis as a whole must include consideration of every factor. Even though the ALJ may have attributed proper weight to Dr. Chou's opinion, her failure to apply all of the five factors from 20 C.F.R. § 404.1527(c)(2)-(5) warrants remand for a thorough analysis.

## CONCLUSION

For the foregoing reasons, we remand this matter for further proceedings consistent with this opinion. Plaintiff's motion for summary judgment is granted [dkt. 14] and the Commissioner's motion for summary judgment is hereby denied [dkt. 21].

**DATED:** 11/20/2015

Susan E. Cox
United States Magistrate Judge

---

[25] R. at 23.
[26] D's Mot. 1.
[27] Id.
[28] D's Mot. 2.